IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARY MAGDALENA MENA, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-00312 |
| | § | |
| LOWE'S HOME CENTERS, LLC, #1137 | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Lowe's Home Centers, LLC (incorrectly identified in the state court pleadings as "Lowe's Home Centers, LLC, #1137") (hereafter, "Defendant" or "Lowe's") in the cause styled "*Maria Magdalena Mena v. Lowe's Home Centers, LLC, #1137*," pending as Cause No. 2021-DCV-4038 in the County Court at Law No. 6, El Paso County, Texas, files this Notice of Removal of this cause to the United States District Court for the Western District of Texas, El Paso Division.

**I.
BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332; *see also* 28 U.S.C. § 1441(b)(2).

## II.
## DIVERSITY JURISDICTION

Plaintiff Maria Magdalena Mena ("Plaintiff"), upon information and belief, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

"Lowe's Home Centers, LLC, #1137" is a non-existent entity and, therefore, not a citizen of the State of Texas or of any state. Real Party in Interest, Lowe's Home Centers, LLC, is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in Mooresville, North Carolina. Lowe's Home Centers, LLC is a wholly owned subsidiary of its sole member, Lowe's Companies, Inc., a publicly traded North Carolina corporation with its principal place of business also in Mooresville, North Carolina. Neither Lowe's Home Centers, LLC nor Lowe's Companies, Inc. has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas. Therefore, Lowe's Home Centers, LLC (incorrectly identified as "Lowe's Home Centers, LLC, #1137") is a citizen of the State of North Carolina because its sole member (Lowe's Companies, Inc.) is a citizen of the State of North Carolina.[2]

As such, complete diversity exists between the parties.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about February 15, 2020, while walking through a Lowe's store, her clothing caught onto exposed and, allegedly, improperly stored flooring items, causing her to

---

[2] *See Settlement Funding, L.L.C. v. Rapid Settlements, Limited*, 851 F.3d 530, 536 (5th Cir. 2017) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.")).

fall to the floor and sustain injuries to her right shoulder, back, and right leg.[3] Plaintiff filed her Original Petition on November 17, 2021, in the County Court at Law No. 6 of El Paso County, Texas, alleging causes of action for premises liability against Defendant.[4]

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her Original Petition that she seeks "monetary relief of over $250,000.00 but no more than $1,000,000.00."[5] Specifically, Plaintiff seeks damages for past and future: medical expenses; pain and suffering; mental anguish; and impairment.[6] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[7]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[8] Lowe's first became aware this case was removable on or about December 3, 2021, when Lowe's was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty

---

[3] See Pl.'s Orig. Pet. at p. 2, Sec. III, attached hereto as **Exhibit 2**.

[4] See *id*. at p. 3, Sec. V.

[5] See *id*. at p. 5, Sec. VI.

[6] *See id*.

[7] *See Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 67 (5th Cir. 2010) (citing several cases holding allegations of several personal injuries and related damages established amount in controversy was in excess of the jurisdictional threshold); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[8] 28 U.S.C. § 1446(b).

days after the receipt by Lowe's of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on November 17, 2021.[9]

## VI.
## VENUE

Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the United States District Court for the Western District of Texas, El Paso Division embraces the county (El Paso County, Texas) in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Lowe's filed and/or will file with the Clerk of the County Court at Law No. 6 of El Paso County, Texas Defendant's Notice of Filing Notice of Removal contemporaneously with this Notice of Removal and/or promptly after the filing of same in compliance with 28 U.S.C. § 1446(d).

Pursuant to, and in accordance with, 28 U.S.C. §§ 1446(a) and 1447(b), a copy of the state court docket sheet and filings are attached hereto:

(1)  State Court Docket Sheet (as of 12/30/2021);

(2)  Plaintiff's Original Petition and Request for Citation (filed November 17, 2021);

(3)  Citation Return for Lowe's Home Centers, LLC (filed November 24, 2021); and

(4)  Defendant's Original Answer (filed December 21, 2021).

Also, in compliance with the Local Court Rules and Rule 7.1 of the Federal Rules of Civil Procedure, Lowe's has filed the following documents with this Notice:

---

[9] 28 U.S.C. § 1446(b)(3)(B).

- Civil Cover Sheet;

- Supplemental Civil Cover Sheet; and

- Certificate of Interested Persons.

## VIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant Lowe's Home Centers, LLC (incorrectly identified in the state court pleadings as "Lowe's Home Centers, LLC, #1137") respectfully prays that this case be removed to the United States District Court for the Western District of Texas, El Paso Division, and for such other and further relief to which it may show itself justly entitled at law or in equity.

Respectfully submitted,

/s/ Kyle Briscoe
**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Sara K. Scudday**
State Bar No. 24073675
sscudday@peavlerbriscoe.com
PEAVLER | BRISCOE
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**
**LOWE'S HOME CENTERS, LLC**

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via electronic filing and U.S. Mail in accordance with and pursuant to the Federal Rules of Civil Procedure on December 30, 2021.

/s/ B. Kyle Briscoe
**B. Kyle Briscoe**