# EXHIBIT 1

**Exhibit 1**

Case 3:21-cv-00312-KC Document 1-2 Filed 12/30/21 Page 2 of 26
https://casesearch.epcounty.com/PublicAccess/CaseDetail.aspx?CaseID=8866889

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back
Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2021DCV4038

| Maria Magdalena Mena, v. Lowe's Home Centers, LLC., #1137 | § § § § § | Case Type: | **Other Injury or Damage** |
|---|---|---|---|
| | | Date Filed: | **11/17/2021** |
| | | Location: | **County Court at Law 6** |

## PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | Lowe's Home Centers, LLC., #1137 | **B. Kyle Briscoe** *Retained* 214-999-0550(W) |
| Plaintiff | Mena, Maria Magdalena | **DANIELA LABINOTI** *Retained* 915-581-4600(W) |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | | |
|---|---|---|---|---|
| 11/17/2021 | **Original Petition (OCA)** Index # 1 | | | |
| 11/17/2021 | **Request** Index # 3 | | | |
| 11/17/2021 | **Case Information Sheet** Index # 2 | | | |
| 11/17/2021 | **E-File Event Original Filing** | | | |
| 11/24/2021 | **Citation** | | | |
| | Lowe's Home Centers, LLC., #1137 | Served | 12/02/2021 | |
| | | Response Received | 12/21/2021 | |
| | | Returned | 12/17/2021 | |
| 12/21/2021 | **Answer** Index # 5 | | | |

# EXHIBIT 2

**Exhibit 2**



**null / ALL**
**Transmittal Number: 24149997**
**Date Processed: 12/03/2021**

# Notice of Service of Process

**Primary Contact:** Heather McClow
Lowe's Companies, Inc.
1000 Lowes Blvd
Mooresville, NC 28117-8520

| | |
|---|---|
| **Entity:** | Lowe's Home Centers, LLC<br>Entity ID Number 2515365 |
| **Entity Served:** | Lowe's Home Centers, LLC. |
| **Title of Action:** | Maria Magdalena Mena vs. Lowe's Home Centers, LLC. |
| **Matter Name/ID:** | Maria Magdalena Mena vs. Lowe's Home Centers, LLC. (11787853) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | El Paso County Court at Law, TX |
| **Case/Reference No:** | 2021DCV4038 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/03/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Law Firm of Daniela Labinoti, P.C.<br>915-581-4600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written *11/29-2* answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  **Lowe's Home Centers, LLC., #1137**, who may be served with process by serving its registered agent **Corporation Service Company d/b/a CSC-Lawyers Inco at 211 E 7th Street, Suite 620, Austin, TX 78701**

Greetings:

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on 11/17/2021, by Attorney at Law DANIELA LABINOTI, 707 MYRTLE AVENUE, EL PASO, TX 79901 in this case numbered 2021DCV4038 on the docket of said court, and styled:

Maria Magdalena Mena,

v.

Lowe's Home Centers, LLC, #1137

The nature of Plaintiff's demand is fully shown by a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, this on this the 24th day of November, 2021

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
Javier Diaz

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of

_____, 2021, at _____ I mailed to

_____

_____

defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the PLAINTIFF'S ORIGINAL PETITION attached thereto.

_____

_____
TITLE

| *NAME OF PREPARER | | TITLE |
| --- | --- | --- |
| ADDRESS | | |
| CITY | STATE | ZIP |

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811
attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned
undelivered marked _____.

      This forwarding address was provided:_____


               El Paso County, Texas

By:_____
               Deputy District Clerk

               OR

_____
               Name of Authorized Person

By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person
whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am
disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and
correct."

               Subscribed and sworn to be on this _____ day

               of _____, _____.


               _____

               Notary Public, State of _____

               My commission expires:_____

El Paso County - County Court at Law 6

Filed 11/17/2021 2:34 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV4038

MARIA MAGDALENA MENA,                §
                                     §
            Plaintiff,               §
                                     §
v.                                   §
                                     §     Cause No.: 2021-DCV-_____
                                     §
LOWE'S HOME CENTERS, LLC., #1137     §
                                     §
            Defendant.               §

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MARIA MAGDALENA MENA (hereinafter called "Plaintiff"), complaining of LOWE'S HOME CENTERS, LLC., #1137, (hereinafter referred to as "Defendant LOWE'S"), and for a cause of action would respectfully show the Court as follows:

### I.

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

### II.
### PARTIES

Plaintiff is a resident of El Paso County, Texas.

Defendant LOWE'S HOME CENTERS, LLC., #1137, is a foreign profit corporation doing business in Texas, and specifically in El Paso County, Texas. It may be served with citation and a copy of this Original Complaint by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco at 211 E. 7th Street, Suite 620, Austin, Texas 78701 and/or wherever its registered agent may be found.

At all relevant times, Defendant LOWE'S has done business at 4531 Woodrow Bean Transmountain, El Paso, Texas 79924 under the common name, assumed name and/or business

name of Lowe's Home Centers, LLC, d/b/a Lowe's.

## III.
## FACTUAL BACKGROUND

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an incident which occurred on or about February 15, 2020, in El Paso County, Texas, specifically at Lowe's Improvement Center #1137, 4531 Woodrow Bean Transmountain, El Paso, Texas 79924. This retail store is owned, run, and operated by Defendant. As such, Plaintiff invokes the doctrine of *respondeat superior* and/or vicarious liability. At the time in question, Plaintiff was an invitee at the subject retail store.

On or about February 15, 2020, Plaintiff was an invitee at the retail store in question. Plaintiff was shopping for plumbing items, as she turned the corner into the floor supplies aisle, Plaintiff's clothing caught onto the flooring items that were exposed and not properly stored, which ended in Plaintiff falling to the floor. Plaintiff was totally unprepared for the fall and with such force, Plaintiff fell to the ground landing onto the right side of her body. Plaintiff injured her right shoulder, back, and right leg.

At the time, Plaintiff was an invitee to whom Defendant owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises and/or to warn of their existence.

The retail store in question is under the sole control of Defendant. Employees of Defendant are responsible for providing a safe place for customers. Defendant and their employees are further responsible in ensuring the safety of customers. Defendant has a duty to keep their premises safe for invitees such as the Plaintiff. Defendant failed in this duty.

Defendant is vicariously liable for all acts and/or omissions of negligence committed by their store managers, and any and all employees, officers, or agents of Defendant, which were the

proximate cause of all damages suffered by Plaintiff.

Defendant's employees did not assist Plaintiff, nor did they fill out a customer incident statement instead Defendant's employees ignored Plaintiff. Sadly, for Plaintiff Defendant's employees, store managers, and/or agents of Defendants were either not trained, and/or were negligent in that they did to not follow proper procedures to protect the customer from dangerous condition they were aware of.

## IV.
## VICARIOUS LIABILITY

Plaintiff would show that Defendant is liable for the damages and injuries which were caused by the negligence of their managers, employees, agents and/or representatives. Defendant is liable for the acts and/or omissions of its managers, employees, and agents. In addition, Defendant owed a duty of care to Plaintiff because of Defendant's right of control of the premises, which arose through the course of operating the retail store. Defendant is liable under the doctrine of *respondent superior;* master/servant; principal/agent.

## V.
## PREMISE LIABILITY

Plaintiff would show that her damages and injuries were caused by the negligence of Defendant. Plaintiff would also show that said Defendant owed her a duty of reasonable care, and Defendant's breach of such duty was a proximate cause of Plaintiff's injuries and damages. Defendant was negligent by breaching this duty to the Plaintiff in one or more of the following alternative theories of negligence:

1. Failure to safely/properly stock inventory to prevent items from falling off and/or tumbling from shelves that present a danger to invitees such as the Plaintiff;

2. Failure to properly set up displays (i.e. boxes of tiles) in a safe manner;

*Maria Mena vs. Lowe's Home Centers, LLC., #1137*
**Plaintiff's Original Petition**

*Page 3 of 8*

3. Failure to properly stack/display the boxes of tiles in a safe manner to avoid creating a dangerous condition;

4. Failure to ensure that the tile was stored in a stable condition to prevent inadvertent falling and presenting a hazard to patrons;

5. Failed to adequately inspect the title display for falling merchandise hazards;

6. Failed to properly implement a policy to ensure all displays are stable and merchandise secured from inadvertent movement or falling;

7. Failure to inspect the manner in which the boxes of tiles were placed in order to timely discover the dangerous conditions in question;

8. Failure to warn invitees such as Plaintiff of the potentially dangerous conditions, i.e. falling inventory from shelves and/or boxes of titles left on floors;

9. Failure to implement safety precautions to prevent injuries to invitees;

10. Failure to assure that store employees complied with and followed all safety precautions to prevent injuries to invitees;

11. Failure to correct the dangerous conditions that existed at the premises for the time in question, i.e. falling inventory from shelves and/or inventory left on the floors that existed on the premises for the time in question;

12. Ignoring the safety of the customers and acting with reckless disregard to the rights of the customers by failing to properly inspect/maintain the shelving of any inventory to prevent such items from falling onto the floor;

13. Negligent training and supervision by management and Lowe's corporate on the proper and safe way to address the proper stocking of inventory including but not limited to placing warning signs of potential risks/dangers of falling inventory.

14. Negligent handling of an injured customer/invitee.

Each of the acts and/or omissions referenced above was other than what a reasonable and prudent person would have been doing under the same or similar circumstances and was a proximate cause of Plaintiff's damages.

It is foreseeable that failing to properly stock, inspect and/or maintaining inventory of the store to discover and resolve dangerous conditions such as falling inventory to the floor, and/or

*Maria Mena vs. Lowe's Home Centers, LLC., #1137*
**Plaintiff's Original Petition**

*Page 4 of 8*

inventory left on the floor from stocking their selves could cause harm to customers/invitees the Plaintiff; nevertheless, Defendant's employees ignored the risks and acted with reckless disregard to the safety of the public.

## VI.
## DAMAGES

As a result of Defendant's negligence, Plaintiff suffered injuries to her right shoulder, left leg, back, and other parts of her body. Plaintiff sustained serious injuries to her right shoulder and has had a significant amount of medical treatment. The negligence of Defendant that led to Plaintiff's injuries has drastically impacted Plaintiff's life and well-being.

As a further result of the occurrence, Plaintiff has incurred expenses for medical and healthcare, medical attention, and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made were the usual and customary charges for such services. Plaintiff will require further medical care, nursing services and medical attention and will necessarily incur reasonable expenses in the future for such medical needs.

Plaintiff has also been prevented from performing her daily activities as a direct result of the subject accident and will continue to be unable to perform her daily activities in the future. Plaintiff has suffered pain and suffering in the past and Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental anguish in the past and will continue to suffer mental anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body.

Plaintiff has suffered damages within the jurisdictional limits of this Court and requests monetary relief of over $250,000.00 but no more than $1,000.000.00.

Plaintiffs hereby notify Defendant that Plaintiffs intend to use Defendant's discovery answers and responses, including any evidence produced in responses to such discovery, as evidence in trial in accordance with such right and privileges established by Tex. R. Civ. P. 193.7.

## VII.
## REQUEST FOR INITIAL DISCLOSURES TO DEFENDANT
## DUTY TO DISCLOSE WITHIN 30 DAYS OF THE SERVICES.

**PLEASE BE ADVISED THAT UNDER TEXAS RULE 194 YOU MUST PRODUCE AND PROVIDE THE REQUIRED DISCLOSURES WITHIN 30 DAYS OF SERVICE**

(a) **Time for Initial Disclosures.** A party must make the initial disclosures within 30 days after the filing of the first answer or general appearance unless a different time is set by the parties' agreement or court order. A party that is first served or otherwise joined after the filing of the first answer or general appearance must make the initial disclosures within 30 days after being served or joined.

(b) **Content.** Without awaiting a discovery request, Aa party may request disclosure of any or all of the following must provide to the other parties:

(1) the correct names of the parties to the lawsuit;

(2) the name, address, and telephone number of any potential parties;

(3) the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

(4) the amount and any method of calculating economic damages;

(5) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

*Maria Mena vs. Lowe's Home Centers, LLC., #1137*
**Plaintiff's Original Petition**

*Page 6 of 8*

(6) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment;

(7) any indemnity and insuring agreements described in Rule 192.3(f);

(8) any settlement agreements described in Rule 192.3(g);

(9) any witness statements described in Rule 192.3(h);

(10) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(11) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and

(12) the name, address, and telephone number of any person who may be designated as a responsible third party.

**194.3 Testifying Expert Disclosures.**

In addition to the disclosures required by Rule 194.2, a party must disclose to the other parties testifying expert information as provided by Rule 195.

Disclosures. Without awaiting a discovery request, a party must provide the following for any testifying expert:

(1) the expert's name, address, and telephone number;

(2) the subject matter on which the expert will testify;

*Maria Mena vs. Lowe's Home Centers, LLC., #1137*
**Plaintiff's Original Petition**

*Page 7 of 8*

(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information.

(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

## X.
## JURY DEMAND

Plaintiff respectfully requests trial by jury of the issues in this case.


Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600- Voice
(915) 581-4605- Fax
Daniela@LabinotiLaw.com

*/s/ Daniela Labinoti*
**DANIELA LABINOTI**
State Bar No. 24050900



Mr. Kaitlyn ...
1409 Murchison Dr.
El Paso TX 79902



7017 1070 0000 6611 6634



1000

78701

U.S. POSTAGE PAID
EL PASO, TX
78904
NOV 30, 21
AMOUNT
**$8.36**
R2305M148721-20

RETURN RECEIPT
REQUESTED

Corporation Service Company
Lowes Home Centers LLC #1137
211 E. 7th Street Suite 620
Austin TX 78701

# EXHIBIT 3

**Exhibit 3**



## Law Firm of Daniela Labinoti A Professional Corporation
### –Licensed in Texas and New Mexico –

November 17, 2021

El Paso County – District Clerk

**RE:**                                      **CITATION FOR DEFENDANT**
**CAUSE NO.**
**TYPE OF SERVICE**:          **ONE (1) FOR CERTIFIED MAIL RETURN RECEIPT**
**REQUESTED**

Dear Sir or Madam,

We are requesting citations be issued for the one (1) Defendants in the case styled:

*Maria Magdalena Mena v. Lowe's Home Centers, LLC., #1137*

The citations to be issued are:

1. Defendant LOWE'S HOME CENTERS, LLC., #1137 is a foreign for-profit corporation business in Texas and in the County of El Paso, Texas and may be served with process through their registered agent CORPORATION SERVICE COMPANY d/b/a CSC-Lawyers Inco at 211 E. 7th Street, Suite 620, Austin, Texas 78701 and/or wherever its registered agent maybe found. Please be advised that the citations for the above referenced matter should be emailed to the following email addresses:

daniela@labinotilaw.com        suetta@labinotilaw.com        melissa@labinotilaw.com

**707 Myrtle  El Paso, Texas  79901**
**www.labinotilaw.com ♦ email: *Daniela@labinotilaw.com***
**Phone  (915) 581-4600 ♦ Fax (915)581-4605**

Copy from re:SearchTX

As of January 1, 2021, the Texas Rules of Civil Procedure have changed and now require additional, specific language in the citation. **Please be sure the citations include the following language:**

**The citation shall direct the defendant to file a written answer to the plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof.**

**The citation shall include the following notice to the defendant: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Thank you.

Very truly yours,

/s/ Daniela Labinoti
DANIELA LABINOTI

Copy from re:SearchTX

# EXHIBIT 4

**Exhibit 4**

CAUSE NO.  2021-DCV-4038

| | | |
|---|---|---|
| MARIA MAGDALENA MENA, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW NO. 6 |
| | § | |
| LOWE'S HOME CENTERS, LLC, #1137 | § | |
| Defendant. | § | EL PASO COUNTY, TEXAS |

---

## DEFENDANT'S ORIGINAL ANSWER

**COMES NOW** Defendant Lowe's Home Centers, LLC (erroneously identified as "Lowe's Home Centers, LLC, #1137") (hereafter, "Defendant" or "Lowe's") and files its Verified Denial and Original Answer to Plaintiff's Original Petition (and any amendment or supplement thereto). In support thereof, Defendant respectfully shows the Court the following:

## I.
## VERIFIED DENIAL

1.      By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendant denies that Plaintiff is entitled to recover from "Lowe's Home Centers, LLC, #1137" in the capacity in which it has been sued. Defendant denies that "Lowe's Home Centers, LLC, #1137" was in any way involved in the events giving rise to this action or employed any persons alleged to be involved in the alleged incident. Consequently, Plaintiff has no right or potential right of recovery against "Lowe's Home Centers, LLC, #1137" because the proper party has not been sued. *See, e.g., Bailey v. Vanscot Concrete Co.,* 894 S.W.2d 757, 759 (Tex. 1995). The proper party, if any, is Lowe's Home Centers, LLC.

**II.**
**GENERAL DENIAL**

2.      Defendant denies each and every material allegation contained in Plaintiff's

Original Petition and any amendment or supplement thereto, demands strict proof thereof, and,

to the extent that such matters are questions of fact, says Plaintiff must prove such facts by a

preponderance of the evidence if she can so do.

**III.**
**DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY**

3.      Defendant specifically denies Plaintiff's claims that it was negligent, and

Defendant denies that its alleged acts or omissions proximately caused Plaintiff's alleged

damages, if any.

4.      Defendant asserts that Plaintiff may have failed to use the degree of care and

caution as would have been used by a reasonable person under the same or similar

circumstances, and that such negligence, if any, produced or proximately caused or contributed

to cause Plaintiff's alleged injuries and damages, if any.

5.      Defendant asserts that Plaintiff's alleged damages, if any, may have been caused

by the acts of third persons or circumstances not under the control of Defendant. Such acts or

omissions of said third persons and/or such circumstances may have been the sole, producing,

proximate, intervening and/or supervening cause of Plaintiff's damages or injuries, if any.

6.      Defendant further claims that the allegedly unreasonable premises condition, if

any, was open and obvious, already appreciated by Plaintiff, a commonly known hazard, or was

a known risk. Accordingly, Defendant denies that it owed any duty to warn Plaintiff of the alleged

premises condition or protect her from same.  *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203

(Tex. 2015).

7.     Defendant further states that it had neither actual nor constructive prior knowledge of the condition about which Plaintiff complains and that in any event, the alleged hazard was not "unreasonably dangerous."

8.     In the alternative, Defendant would show that the accident complained of was an unavoidable accident as that term is known in law, not caused by the negligence of any party.

9.     Plaintiff's damages, if any, may have been the result of prior, pre-existing, or subsequent injuries, accidents, or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

10.     Plaintiff may have breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of her damages, if any. This may include failing to present available health insurance information to medical providers to take advantage of contractual write-offs and adjustments available under such health-insurance plans.

11.     Defendant asserts that Plaintiff may be malingering and/or exaggerating the nature and severity of her alleged injuries to inflate the amount of her alleged damages. Further, to the extent Plaintiff has been or is malingering and/or exaggerating the nature and severity of her alleged injuries by continuing treatment to increase the amount of her medical expenses, Defendant contends that said extended treatment is not medically necessary or reasonable.

12.     Defendant contends that any claims for past and future medical or health care expenses are limited to the customary and usual amounts charged for reasonable and necessary medical care and must be reasonable, and, as regards past medical expenses, are further limited

to the amounts actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

13.     Defendant contends that, pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity, and loss of contributions of pecuniary value, evidence of these alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

14.     Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

15.     In the unlikely event an adverse judgment is rendered against it, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

## IV.
## COURT REPORTER REQUESTED

16.     Defendant respectfully requests that a court reporter be present at all proceedings before the Court.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Lowe's Home Centers, LLC (erroneously identified as "Lowe's Home Centers, LLC, #1137") respectfully prays that Plaintiff take nothing by this cause of action; that Defendant be permitted to recover the costs and fees expended on its behalf; and for all other and further relief, both general and special, at law and in equity, to which

it shows itself to be justly entitled.

Respectfully submitted,

/s/ Kyle Briscoe

**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Sara K. Scudday**
State Bar No. 24073675
sscudday@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (fax)

**ATTORNEYS FOR DEFENDANT
LOWE'S HOME CENTERS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on December 21, 2021.

/s/ Kyle Briscoe

Kyle Briscoe

**STATE OF TEXAS**            §
                             §
**COUNTY OF TARRANT**        §

Before me, the undersigned authority, did personally appear Kyle Briscoe, who, upon his oath deposes and says that he is one of the attorneys of record for Defendant; that he has never been convicted of a felony or disqualifying crime; that he is over the age of 18 and competent to make this verification. Accordingly, he verifies that the facts alleged in Section I. of the foregoing pleading are within his personal knowledge and true and correct.

Kyle Briscoe

Subscribed and sworn to before me on this 21st day of December 2021.

JANIE CARDWELL KARRINGTON
Notary ID #130146028
My Commission Expires
May 28, 2024

NOTARY PUBLIC in and for the State of Texas

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bryan Briscoe on behalf of Bryan Briscoe
Bar No. 24069421
kbriscoe@peavlerbriscoe.com
Envelope ID: 60212119
Status as of 12/21/2021 9:15 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniela Labinoti | | daniela@labinotilaw.com | 12/21/2021 9:12:53 AM | SENT |
| Danny Leal | | danny@labinotilaw.com | 12/21/2021 9:12:53 AM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 12/21/2021 9:12:53 AM | SENT |
| Melissa Thacker | | melissa@labinotilaw.com | 12/21/2021 9:12:53 AM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 12/21/2021 9:12:53 AM | SENT |
| Sara KimbroughScudday | | SScudday@peavlerbriscoe.com | 12/21/2021 9:12:53 AM | SENT |
| Janie Karrington | | jkarrington@peavlerbriscoe.com | 12/21/2021 9:12:53 AM | SENT |
| Liz Contreras | | econtreras@peavlerbriscoe.com | 12/21/2021 9:12:53 AM | SENT |